UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

For Online Publication Only

---------------------------------------------------------X

MARIA R. ROSSIELLO,

                    Plaintiff,

               -against-

KILOLO KIJAKAZI, ACTING
COMMISSIONER OF SOCIAL SECURITY[1],

                   Defendant.

---------------------------------------------------------X

**MEMORANDUM & ORDER**

18-cv-4425 (JMA)

FILED
CLERK

12:30 pm, Feb 15, 2022

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**APPEARANCES:**

**The DeHaan Law Firm P.C. .**
*Attorneys for the Plaintiff*
300 Rabro Drive East, Suite 101
Hauppauge, NY 11788
       By:     John W. DeHaan, Esq., Of Counsel.

**United States Attorneys Office, Eastern District of New York**
*Attorneys for the Defendant*
610 Federal Plaza, 5th Floor
Central Islip, NY 11788
       By:     Mary M. Dickman, Assistant United States Attorney.

**AZRACK, District Judge**:

      On August 6, 2018, the Plaintiff Maria R. Rossiello (the "Plaintiff" or the "Claimant")

commenced this appeal pursuant to §§ 205(g) of the Social Security Act, 42 U.S.C. § 405 *et seq.*

(the "Act"), challenging a final determination by the Defendant, the Commissioner of the Social

Security Administration (the "Defendant" or the "Commissioner"), that she was ineligible to

receive Social Security disability benefits.

---

[1] Plaintiff commenced this action against Nancy Berryhill, the former Acting Commissioner of Social Security. Kilolo Kijakazi became the Acting Commissioner on July 9, 2021 and is hereby substituted as the named defendant in this action. Fed. R. Civ. P. 25(d).

Presently before the Court are the parties' cross motions, pursuant to Federal Rule of Civil procedure ("FED. R. CIV. P.") 12(c) for a judgment on the pleadings.  For the reasons that follow, the Court grants the Plaintiff's motion, denies the Defendant's cross-motion, and remands the case for further proceedings.

## I.  BACKGROUND

Plaintiff, age 50 at the time, applied for disability benefits in February 2015.  Plaintiff possessed an Associate's Degree, and had recently worked as a clerical worker and as a customer service/logistics representative.  She alleged that she injured her back picking up boxes in 2009, while working for Old Navy, and that afterwards, she worked for a real estate company, performing clerical tasks for real estate appraisals.

Plaintiff had spinal fusion surgery on August 26, 2014, to treat the back injuries she sustained at Old Navy in 2009.  Plaintiff claimed while the surgery was somewhat helpful, it did not alleviate all of her pain.  The August 26, 2014 spinal fusion surgery marked the Plaintiff's alleged onset date.

Plaintiff alleged pain that radiated from her lower back to her toes, and that this pain occurred multiple times a day.  She also claimed that she could only sit between 20 and 30 minutes at a time; that she was unable to perform many daily activities; and, that she had difficulty sleeping.  She also alleged that she took Tramadol every other day, and Hydrocodone and Lyrica every night.

Plaintiff's claim was denied on April 26, 2015, and she requested a hearing.  Plaintiff appeared with counsel before Administrative Law Judge Andrew Weiss (the "ALJ") on May 3, 2017.  On June 6, 2017, the ALJ issued a written decision where he found that the Plaintiff was not disabled under the Act from the alleged onset date through the date of the decision.  In his

decision, the ALJ determined that Plaintiff had the residual functional capacity ("RFC") to perform light work with the following caveats:  (1) she can sit and stand/walk four hours in an eight-hour day and lift/carry ten pounds frequently and twenty pounds occasionally; (2) she can frequently climb; (3) she can occasionally stoop, kneel, crouch and crawl; and (4) she can never climb ladders or scaffolds.  (R. at 15.)

Plaintiff sought review by the Appeals Council.  On June 11, 2018, the Appeals Council found no basis to alter the ALJ's decision.  The ALJ's decision thus became the final decision of the Commissioner on that date.

For purposes of these motions, familiarity with the underlying administrative record is presumed.  References to the administrative record are denoted as "R."

## II.  DISCUSSION

Plaintiff raises two arguments in this appeal.  First, she claims that the ALJ did not properly evaluate the medical evidence in the record when determining her RFC.  Plaintiff asserts, inter alia, that the ALJ misstated the substance of one opinion from her treating physician.  Second, Plaintiff asserts that the ALJ did not properly evaluate her credibility.  For the following reasons, the Court grants Plaintiff's motion, denies the Defendant's cross-motion, and remands the case for further proceedings.

## A.  **Standard of Review**

In reviewing a denial of disability benefits by the SSA, the role of the district court is not to review the record *de novo*, but instead to determine whether the ALJ's conclusions "'are supported by substantial evidence in the record as a whole, or are based on an erroneous legal standard.'"  *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (quoting *Beauvoir v. Chater*, 104 F.3d 1432, 1433 (2d Cir. 1997)).  Substantial evidence is "'more than a mere scintilla.  It means

such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"
*Perez v. Chater*, 77 F.3d 41, 46 (2d Cir. 1996) (quoting *Richardson v. Perales*, 402 U.S. 389,
401 (1971)). "'To determine whether the findings are supported by substantial evidence, the
reviewing court is required to examine the entire record, including contradictory evidence and
evidence from which conflicting inferences can be drawn.'" *Snell v. Apfel*, 177 F.3d 128, 132
(2d Cir. 1999) (quoting *Mongeur v. Heckler*, 722 F.2d 1033, 1038 (2d Cir, 1983) (per curiam)).
Thus, the Court will not look at the record in "isolation but rather will view it in light of other
evidence that detracts from it." *State of New York ex rel. Bodnar v. Sec'y of Health and Human
Servs.*, 903 F.2d 122, 126 (2d Cir. 1990). An ALJ's decision is sufficient if it is supported by
"adequate findings . . . having rational probative force." *Veino v. Barnhart*, 312 F.3d 578, 586
(2d Cir. 2002).

The Court has the "power to enter, upon the pleadings and transcript of the record, a
judgment affirming, modifying, or reversing the decision of the [Commissioner], with or without
remanding the cause for a rehearing." 42 U.S.C. § 405(g). *See also Shalala v. Schaefer*, 509
U.S. 292, 296–97 & n.1 (1993). The "reviewing court will order remand for further proceedings
when the Commissioner failed to provide a full and fair hearing, made insufficient findings, or
incorrectly applied the applicable laws and regulations." *Kessler v. Comm'r of Soc. Sec.*, No. 17-
CV-4264 (JMA), 2020 WL 1234199, at *5 (E.D.N.Y. Mar. 13, 2020) (citing *Rosa*, 168 F.3d at
82–83).

**B.  Social Security Disability Standard**

The Act defines the term "disability" to mean an "inability to engage in any substantial
gainful activity by reason of any medically determinable physical or mental impairment which
can be expected to result in death or which has lasted or can be expected to last for a continuous

period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).  A person may only be disabled if his "impairments are of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A).

The Commissioner's regulations set out a five-step sequential analysis by which an ALJ determines disability.  20 C.F.R. § 404.1520; *see Rosa v Callahan*, 168 F.3d 72, 77 (2d Cir. 1999).  In this analysis, a claimant will be found disabled if the Commissioner determines:

> (1) that the claimant is not working, (2) that he has a 'severe impairment,' (3) that the impairment is not one [listed in Appendix 1 of the regulations] that conclusively requires a determination of disability, and (4) that the claimant is not capable of continuing in his prior work, the Commissioner must find him disabled if (5) there is not another type of work the claimant can do.

*Burgess v. Astrue*, 537 F.3d 117, 120 (2d Cir. 2006) (second alteration in original) (quoting *Green-Younger v. Barnhart*, 335 F.3d 99, 106 (2d Cir. 2003)).  As part of the fourth step, the Commissioner determines the claimant's RFC before deciding if the claimant can continue in his or her prior type of work.  20 C.F.R. § 404.1520(a)(4)(iv).  The claimant bears the burden at the first four steps; but at step five, the Commissioner must demonstrate "there is work in the national economy that the claimant can do." *See Poupore v. Astrue*, 566 F.3d 303, 306 (2d Cir. 2009) (per curiam); *see also Campbell v. Astrue*, No. 12-CV-5051 (ADS), 2015 WL 1650942, at *7 (E.D.N.Y. Apr. 13, 2015) (citing *Melville v. Apfel*, 198 F.3d 45, 51 (2d Cir. 1999)).

Under the treating physician rule, the opinion of a claimant's treating physician as to the nature and severity of the claimant's impairments is given "controlling weight" so long as it is "well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." *Green-Younger*, 335 F.3d

at 106 (quoting 20 C.F.R. § 404.1527(d)(2)); *Bonneau v. Astrue*, No. 5:13-cv-26, 2014 WL 31301, at *5 (D. Vt. Jan. 3, 2014) (same).

Where the Commissioner determines that the opinion of a treating physician should not receive controlling weight, she must "give good reasons in [the] notice of determination or decision for the weight [she] gives [the claimant's] treating source's opinion." 20 C.F.R. § 404.1527(c)(2); *see Manfra v. Colvin*, No. 15-CV-2844 (JFB), 2016 WL 4434820, at *13 (E.D.N.Y. Aug. 22, 2016); *Perez v. Astrue*, No. 07-CV-958 (DLJ), 2009 WL 2496585, at *8 (E.D.N.Y. Aug. 14, 2009). An ALJ's failure" to provide good reasons for not crediting the opinion of a claimant's treating physician is ground for a remand." *Snell v. Apfel*, 177 F.3d 128, 134 (2d Cir. 1999) (internal quotation marks omitted).

## C. <u>Analysis</u>

Plaintiff argues that the ALJ erred when he mischaracterized an opinion from Dr. Fandos, one of Plaintiff's treating physicians. Plaintiff also contends that the ALJ's analysis of Dr. Fandos's opinions and other medical opinions in the record violated the treating physician rule and was erroneous in other respects. Plaintiff further asserts that the ALJ erred because his RFC determination did not align with any single medical opinion in the record. Finally, Plaintiff maintains that the ALJ did not properly evaluate her credibility.

As explained below, the ALJ mischaracterized the substance of one of Dr. Fandos's opinions—an error that necessitates remand here.

Plaintiff started seeing Dr. Fandos in 2010 and continued seeing him for years after her alleged onset date. (R. at 416–598.) At issue in this appeal are two of Dr. Fandos's opinions. First, Dr. Fandos issued an opinion based on a November 24, 2014 assessment of Plaintiff (the

"November 2014 Opinion").[2]   (*See* R. at 421–23; *see also* R. at 373–75.)  Second, Dr. Fandos prepared an April 7, 2017 medical source statement (the "April 2017 Opinion").  (*Id.* at 421, 854–60.)

According to the ALJ, Dr. Fandos's November 2014 Opinion indicated that Plaintiff: (1) had "*a mild to moderate degree of disability (30%)*"; (2) was "currently working part-time for a real estate appraisal company"; and (3) would be limited to lifting/carrying up to 25-50 pounds.   (R. at 17 (emphasis added).)   The ALJ gave this purported opinion "good weight." (R. at 17.)  The ALJ indicated that this November 2014 opinion from Dr. Fandos was located in Exhibit 6F, which corresponds to pages 373 to 381 of the administrative record.

The ALJ, however, appears to have mischaracterized Dr. Fandos's opinion concerning Plaintiff's November 2014 visit.  (*Compare* R. at 373–75 with R. at 421–23.)  The complete, final, and signed version of Dr. Fandos's November 2014 Opinion is found at pages 421 through 423 of the administrate record, which was marked as Exhibit 7F before the ALJ.  In Exhibit 7F, Dr. Fandos opined that that, following Plaintiff's spinal fusion surgery, Plaintiff:  (1) experienced reduced back pain; (2) experienced leg pain when she was more active; and (3) she was participating in physical therapy.  (R at 421, 423.)  According to this document, Dr. Fandos also noted that while the Plaintiff's lumbar range of motion had improved, he found lumbar pain and tenderness upon palpation.  (*Id.* at 423.)  In this document, Dr. Fandos also noted that Plaintiff had been out of work since August 2014.  (*Id.*)  Finally, in this document, Dr. Fandos opined that the Plaintiff was totally disabled, her level of impairment was *90 percent*, and that she was unable to perform any work.  (*Id.*)

---

[2]  It appears that Dr. Fandos's complete and final opinion based on Plaintiff's November 24, 2014 visit was not electronically signed and finalized by Dr. Fandos until January 14, 2015.  (R. at 421–23.)

The ALJ's decision did not acknowledge that Exhibit 7F contained an opinion from Dr. Fandos concerning November 2014.  Nor did the ALJ acknowledge the discrepancies between that document and the document found in Exhibit 6F, which the ALJ characterized as Dr. Fandos's November 2014 opinion.[3]

In addition to his November 2014 Opinion, Dr. Fandos also gave another opinion in April 2017 in which he opined, inter alia, that Plaintiff "could sit and stand/walk one hour without interruption two hours in an eight-hour day and lift/carry ten pounds and "would be absent more than four times per month due to her impairments and/or treatment."  (R. at 18.)  The ALJ gave this opinion "little weight," reasoning that this opinion was:  (1) not supported by objective medical evidence, including certain notes and examinations; (2) largely conclusory; (3) was inconsistent with the opinions of Dr. Habacker and Dr. Litman; and (4) was "inconsistent" with Dr. Fandos's November 2014 opinion, which—according to the ALJ's characterization—had indicated that Plaintiff had only a 30% disability.  (R. at 18.)

Plaintiff argues that the ALJ erred by misstating key aspects of Dr. Fandos's November 2014 opinion.  Defendant concedes that the ALJ "mischaracterized" Dr. Fandos's November 2014 opinion, but asserts that this error was harmless.  (ECF No. 14-3 at 17.)

"When an ALJ misreads a critical piece of evidence in the record, and then relies on his error in reaching his opinion, the opinion cannot be said to be supported by 'substantial evidence.'"  *Joseph v. Astrue*, No. 06 CIV. 1356, 2007 WL 5035942, at *5 (S.D.N.Y. Dec. 28, 2007), *report and recommendation adopted*, No. 06 CIV. 1356, 2008 WL 850158 (S.D.N.Y. Mar. 20, 2008).  "[I]n some cases where the ALJ bases his decision on a misinterpretation of the

---

[3] The ALJ also erroneously indicated that page 11 of Exhibit 6F—which is found at page 381 of the administrative record—was part of Dr. Fandos's November 2014 opinion.  However, this page actually refers to a different opinion authored by Dr. Geraci in January 2013 in connection with Plaintiff's January 17, 2013 visit.  (*See* R. at 381–82.)

evidence, remand may be warranted to afford the ALJ with an opportunity to re-evaluate the plaintiff's claim in light of what the evidence actually reveals." *Id.*

The ALJ's apparent errors here are somewhat understandable given the confusing documents in the record concerning Plaintiff's November 14, 2014 visit to Dr. Fandos. Nevertheless, the ALJ's apparent mischaracterization of the November 2014 opinion by Plaintiff's treating physician (along with the ALJ's failure to even acknowledge the version of Dr. Fandos's November 2014 Opinion found in Exhibit 7F) necessitates remand here.

While Exhibit 7F reflects Dr. Fandos's opinion that Plaintiff had a 90 percent limitation, the ALJ stated that Dr. Fandos had only found a 30 percent limitation in November 2014.  (R. at 17.)  The ALJ also erroneously stated that the November 2014 Opinion indicated that Plaintiff was still working at the time.  However, Plaintiff stopped working upon getting spinal fusion surgery, which was correctly noted in the opinion found in Exhibit 7F.   (R. at 423.)

Moreover, the ALJ appears to have relied heavily on the mischaracterized November 2014 opinion from Dr. Fandos, a long-time treating physician.  Notably, no opinion in the record was weighted as heavily by the ALJ as Dr. Fandos's November 2014 opinion.  While the ALJ gave the mischaracterized November 2014 opinion "good weight," the ALJ only accorded "some weight" to the opinions of Dr. Habacker and Dr. Litman—the two independent examiners relied on by the ALJ.  (R. at 17.)

Finally, not only did the ALJ mischaracterize Dr. Fandos's November 2014 opinion and give that opinion "good weight," but this error also infected the ALJ's consideration of Dr. Fandos's April 2017 opinion.  Specifically, the ALJ relied on his erroneous characterization of the November 2014 opinion in deciding to give Dr. Fandos's later 2017 opinion "little weight."

Given the entire record here, the Court cannot find that these errors were harmless.[4] Defendant's arguments as to why Dr. Fandos's November 2014 opinion should not be credited can be raised before the ALJ on remand.

Upon remand, the Commissioner must consider all of the relevant evidence in the record, including the document containing Dr. Fandos's November 2014 Opinion found at Exhibit 7F. Based on all the relevant evidence, including Exhibit 7F, the Commissioner must determine the proper weight to be accorded to each of the medical opinions in the record, including Dr. Fandos's November 2014 and April 2017 Opinions. The Court will not address Plaintiff's arguments concerning the ALJ's credibility determination because that credibility determination might change in light of the Commissioner's reassessment of the medical opinions.

### III.   CONCLUSION

For the foregoing reasons, the Court grants the Plaintiff's Rule 12(c) motion and denies the Defendant's Rule 12(c) cross-motion. The Court remands the case for further proceedings consistent with this opinion. The Clerk of the Court is respectfully directed to close the case.

**SO ORDERED.**

Dated: February 15, 2022
          Central Islip, New York

                                        _____/s/  (JMA)_____
                                        JOAN M. AZRACK
                                        UNITED STATES DISTRICT JUDGE

---

[4]  It is also notable that, in finding Plaintiff had an RFC to perform light work with certain limitations, the ALJ not only discounted Dr. Fandos's April 2017 Opinion, but also discounted two independent doctors who opined that Plaintiff could only perform sedentary work. Specifically, the ALJ gave Dr. Perry's opinion "little weight" and Dr. Rivero's opinion only "some weight." The fact that these two independent doctors also appear to have opined that Plaintiff had a more limited RFC than the RFC determination made by the ALJ further indicates that this is not a case where the ALJ's mischaracterization of Dr. Fandos's November 2014 opinion could be considered harmless.